J-E03001-17

2018 PA Super 334

| IN RE: K.R., MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.R., BIRTH MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 692 WDA 2017 |

Appeal from the Order Entered April 10, 2017
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. CP-02-AP-222-2016

| IN RE: E.R., MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.R., BIRTH MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 693 WDA 2017 |

Appeal from the Order April 10, 2017
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  CP-02-AP-223-2016

BEFORE:  GANTMAN, P.J., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS,
J., OLSON, J., OTT, J., STABILE, J., and DUBOW, J.

CONCURRING STATEMENT BY DUBOW, J.:      FILED DECEMBER 10, 2018

Although I agree with the holding of the Majority Opinion that a parent may raise for the first time on appeal to the Superior Court the issue that a Guardian ad Litem ("GAL") had a conflict during a termination hearing, I believe that the Majority addresses in dicta other issues that this court did not certify for en banc consideration and that are advisory in nature.

The Pennsylvania Supreme Court made clear in In re: T.S., 192 A.3d 1080 (Pa. 2018), that a parent does not waive the claim that a Guardian Ad Litem has a conflict in a termination hearing when the parent raises the issue for the first time before Superior Court. That is the issue that the Superior Court had certified for en banc consideration in this case and that is the holding of our Majority Opinion.

The Majority Opinion, however, outlines standards of "effective representation" of a GAL, and instructs a GAL about the manner in which to determine whether a conflict exists and the actions the GAL should take when the GAL believes a conflict exists. See Majority Opinion, at 30-31. Although I share the view of the Majority that when a GAL has a conflict, the GAL must request that the court appoint a Child Advocate, we need not advise the lower court about the manner in which the GAL makes that determination and the information that the GAL must convey to the trial court. I trust that GAL's and the trial court are capable of addressing this issue properly.

Judge Panella, Judge Lazarus, and Judge Ott join the concurring statement.